## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TNG WORLDWIDE, INC.
29683 WK Smith Drive
New Hudson, MI 48615

       Plaintiff,

vs.

THE VITAMIN SUITE, INC.
15607 Emerald Way
Bowie, MD 20716

       Defendant.

**Civil Action No. 8:26-cv-579**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff TNG Worldwide, Inc. ("TNG" or "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant The Vitamin Suite, Inc. ("Defendant" or "Vitamin Suite") for copyright infringement, trademark infringement, trademark counterfeiting, and false designation of origin and unfair competition arising from Defendant's unlawful and unauthorized use of TNG's copyrighted product images and FORPRO PROFESSIONAL COLLECTION trademarks in connection with the advertisement and sale of non-genuine products on Amazon.com. In support thereof, TNG alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for (a) copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.; (b) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (c) trademark counterfeiting under 15 U.S.C. §§ 1114, 1116(d), and 1117; and (d) false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.     These claims arise from Defendant's deliberate scheme to trade on TNG's goodwill by using TNG's copyrighted product images and registered trademarks to falsely represent that Defendant's products are authentic ForPro Professional Collection goods, when in fact they are not.

## PARTIES

3.     Plaintiff TNG is a Michigan corporation with a principal place of business in New Hudson, Michigan.  TNG manufactures more than 1,000 products focused on health and beauty. One of TNG's signature brands is the ForPro Professional Collection, which is an industry leader. The ForPro products at issue in this matter are sold and distributed nationwide. In addition, TNG sells ForPro Professional Collection products via its website at www.TNGworldwide.com, on www.amazon.com ("Amazon"), and through other online marketplaces.

4.     Upon information and belief, Defendant The Vitamin Suite, Inc. is a corporation organized under the laws of Maryland, with a registered business address at 15607 Emerald Way, Bowie, Maryland 20716, and an Amazon listed address of  64 W. Central Avenue, #735, Edgewater, Maryland 21037.

5.     Upon information and belief, Defendant does business throughout the United States, including within this District, by operating one or more seller storefronts on Amazon.com and shipping products to consumers nationwide.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act and the Lanham Act, and pursuant to 15 U.S.C. § 1121.

7.    The Court has supplemental jurisdiction over the state and common law causes of action pleaded herein pursuant to 28 U.S.C. § 1338(b).

8.    This Court has personal jurisdiction over Defendant because Defendant is domiciled in Maryland and has purposefully directed infringing conduct from and into this District, including advertising, offering for sale, and selling products using TNG's copyrighted images and trademarks to consumers located in Maryland.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events giving rise to TNG's claims occurred in this District.

10.    Venue is also proper for the copyright claims pursuant to 28 U.S.C. § 1400(a) because Defendant may be found in this District.

## BACKGROUND
### (TNG's High Quality Products and Intellectual Property)

11.    TNG is a leading manufacturer and seller of health and beauty products, including nitrile gloves and microfiber massage sheets sold under the name and mark ForPro Professional Collection. TNG markets and sells the products that make up the ForPro Professional Collection line of products to the health and beauty trade and the general public via direct sales and through retailers and online marketplaces, including Amazon.com and Walmart.com.

12.    For many years, TNG has been devoted to bringing high-quality beauty products to the consuming public. TNG has expended significant resources in the research and development for its products.

13.    TNG designs ForPro Professional Collection products in-house and takes production to one of 50 hand-selected factories throughout the world. In this way, TNG is able to ensure its ForPro Professional Collection products are consistently high quality.

14.     TNG has made substantial monetary and other investments in its ForPro name and trademark through its marketing, promotional, and distribution efforts, which include TNG's website and direct sales and contacts, brochures, product specification sheets, catalogs, sample kits and materials and displays. As a result, the ForPro Professional Collection name and trademark are imbued with goodwill and are of inestimable value to TNG.

15.     TNG has used the trademark "ForPro" ("ForPro Mark") in interstate commerce in the United States continuously and exclusively since at least as early as 2007. TNG uses the ForPro Mark in connection with the manufacture, distribution, sale, marketing, advertising, and promotion of health and beauty products including, but not limited to, the ForPro Disposable Nitrile Gloves ("ForPro Gloves"). Attached hereto as *Exhibit 1* are photographs of ForPro Gloves showing TNG's use of the ForPro Mark in connection with the same.

16.     As a result of TNG's widespread, continuous, and exclusive use of the ForPro Mark to identify the ForPro Gloves and the business associated therewith, TNG owns valid and subsisting common law rights in the ForPro Mark.

17.     Furthermore, and in order to protect TNG's investment in the marketing and development of its products, TNG obtained U.S. Federal Trademark Registration Nos. 5,869,801 and 6,255,313 of the mark FORPRO PROFESSIONAL COLLECTION in standard characters and the logo design shown below:



Copies of U.S. Federal Trademark Registration Nos. 5,869,801 and 6,255,313 are attached herein as collective *Exhibit 2* and are hereinafter referred to as the "ForPro Registrations".

4

18.     Under 15 U.S.C. § 1115, the ForPro Registrations are presumptively valid and are *prima facie* evidence of TNG's ownership of the ForPro Mark and TNG's exclusive right to use the ForPro Mark nationwide, in commerce on or in connection with the goods and services specified in the ForPro Registrations.

19.     Under 15 U.S.C. § 1072, the ForPro Registrations provide constructive notice of TNG's claim of ownership in and use of the mark of the ForPro Registrations, throughout the United States from the date of the issuance of the registrations.

20.     Under 15 U.S.C. § 1057, the filing of the applications for the ForPro Registrations constitutes constructive use of the ForPro Mark and confers a nationwide right of priority on or in connection with the goods or services specified in the ForPro Registrations against any other natural person or organization capable of being sued in a court of law.

21.     TNG is the owner of all right, title and interest in and to the ForPro Mark and the ForPro Registrations.

22.     The ForPro Mark is distinctive to both the consuming public and TNG's trade.

23.     Because of TNG's extensive and exclusive use and promotion of its ForPro Mark, it has become distinctive of TNG, indicates a single source of origin of TNG's goods, and has acquired secondary meaning.

24.     TNG has used the ForPro Mark extensively since its first use thereof, in connection with its beauty products.

25.     TNG's gloves bearing the ForPro Mark have been sold extensively.

26.     TNG has earned valuable and residual goodwill and reputation in the minds of consumers in the United States for being the sole source of goods bearing the ForPro Mark.

27.     TNG has advertised and otherwise promoted the ForPro Mark extensively since its first use thereof, through the internet and by other means.

28.     To further protect its products and brand, TNG is the exclusive owner of federally registered copyrights covering original product photographs and marketing images used to advertise ForPro Products, including the following registrations:

-    VA 2-143-198 (ForPro Mani Warmer Cups)
-    VA 2-142-972 (ForPro Stainless Steel Pedi File Refill    White 180 Grit)
-    VA 2-143-130 (ForPro Cozies Hand and Foot Liners)
-    VA 2-143-126 (ForPro Nail Polish Display Ring)
-    VA 2-143-084 (ForPro Stainless Steel Pedi File Refill    Black 80 Grit.)
-    VA 2-142-903 (ForPro Stainless Steel Pedi File Refill    Black 100 Grit)
-    VA 2-364-205 (ForPro Nitrile Gloves 2022)
-    VA 2-354-459 (ForPro Nitrile Gloves - 2022)
-    VA 2-364-506 (FORPRO PROFESSIONAL 2022)
-    VA 2-364-492 (FORPRO PROFESSIONAL 2018)
-    VA 2-364-493 (FORPRO PROFESSIONAL 2019)
-    VA 2-364-500 (FORPRO PROFESSIONAL 2020)
-    VA 2-364-507 (FORPRO PROFESSIONAL 2023)
-    VA 2-364-502 (FORPRO PROFESSIONAL 2021)
-    VA 2-38G-630 (ForPro Professional 2023 Pt 2)
-    VA 2-38D-629 (ForPro Gloves 2023)
-    VA 2-445-214 (ForPro Professional 2024)

(collectively, the "ForPro Images").  Copies of these copyright registrations are attached as collective *Exhibit 3.*

## DEFENDANT'S WRONGFUL CONDUCT

29.     Upon information and belief, Defendant has offered for sale and sold products purporting to be genuine ForPro disposable nitrile gloves through one or more listings on Amazon.com. A screenshot of one of Defendant's listings appears below:

6



30.     In connection with these listings, Defendant used TNG's copyrighted ForPro Images and the FORPRO PROFESSIONAL COLLECTION trademarks to advertise and market its products as authentic ForPro goods.

31.     On February 6, 2026, TNG personnel purchased gloves from Defendant's Amazon storefront that were advertised using the ForPro Images and the ForPro Mark.  A copy of TNG's receipt is attached as *Exhibit 4*.

32.     On February 8, 2026, TNG personnel obtained and examined the gloves it purchased from Defendant through Defendant's Amazon storefront that were advertised using TNG's FORPRO PROFESSIONAL COLLECTION trademarks and copyrighted product images. Upon inspection, the gloves received were determined to be nongenuine and materially different from authentic ForPro products, including differences in packaging, labeling, and overall presentation. Photographs of the nongenuine gloves purchased from Defendant—including images showing the product packaging and a barcode traceable to Defendant's listing—are attached collectively as *Exhibit 5* and illustrate that the products sold by Defendant were not authentic ForPro goods despite being marketed as such.

33.     Defendant has no license or authorization to use the ForPro Images or the ForPro Mark for any purpose.

34.     Defendant deliberately used the ForPro Images and the ForPro Mark to deceive consumers into believing they were purchasing authentic ForPro Products, when in fact they were purchasing non-genuine and inferior products sold by Defendant.

35.     TNG notified Defendant of its infringing conduct on February 6, 2026. A record of this email communication is attached as *Exhibit 6*.

36.     Despite receiving notice of TNG's rights and the infringing nature of its listings, Defendant did not respond to TNG and did not provide any written assurances that it had ceased or would cease its infringing conduct.  Based on Defendant's failure to respond or provide such assurances, TNG reasonably believes that Defendant may continue to advertise, offer for sale, and sell products using the ForPro Images and the ForPro Mark.

37.     Through its unauthorized use of TNG's copyrighted ForPro Images and the FORPRO PROFESSIONAL COLLECTION trademarks, Defendant wrongfully and fraudulently secured the valuable "Buy Box" position on Amazon for one or more of the infringing listings at issue.

38.     The "Buy Box" refers to the prominent purchase feature on an Amazon product detail page through which customers may add items directly to their cart or make immediate purchases. The majority of Amazon sales occur through the Buy Box, making control of the Buy Box a significant and often decisive commercial advantage.

39.     Amazon's Buy Box algorithm favors sellers whose listings appear to offer the same product at competitive prices and with favorable seller metrics. By falsely representing its products as genuine ForPro Products through the use of TNG's copyrighted images and trademarks, Defendant artificially satisfied Buy Box eligibility criteria that it would not otherwise have met.

40.     Defendant's misuse of TNG's intellectual property distorted Amazon's marketplace mechanisms, diverted sales away from legitimate sellers of authentic ForPro Products, and further deceived consumers into purchasing non-genuine and inferior products under the false belief that they were buying authentic ForPro goods.

41.     Defendant's conduct has been willful, intentional, and undertaken with a conscious disregard for TNG's intellectual property rights.

42.     Defendant's actions have caused and will continue to cause harm to TNG and to the public by deceiving consumers, undermining confidence in legitimate online marketplaces, and eroding the goodwill associated with the ForPro brand.

## FIRST CAUSE OF ACTION
### (Federal Copyright Infringement – 17 U.S.C. § 501)

43.     TNG repleads and incorporates by reference Paragraphs 1 through 42 as if fully set forth herein.

44.     The ForPro Images are original works of authorship fixed in a tangible medium of expression and are protected under the Copyright Act.

45.     TNG is the exclusive owner of all right, title, and interest in and to the ForPro Images.

46.     Defendant had access to the ForPro Images and a reasonable opportunity to observe them because they were widely disseminated in interstate commerce.

47.     Defendant also had actual notice of TNG's exclusive rights in the ForPro Images.

48.     Without authorization, Defendant knowingly reproduced, displayed, distributed, and used the ForPro Images in connection with advertising and selling products on Amazon.

49.     Defendant's conduct constitutes willful copyright infringement in violation of 17 U.S.C. § 501(a).

9

50.      As a direct and proximate result, TNG has suffered irreparable harm for which there is no adequate remedy at law.

51.      TNG is entitled to injunctive relief under 17 U.S.C. §§ 502 and 503, statutory or actual damages under 17 U.S.C. § 504, and attorneys' fees and costs under 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**
**(Trademark Infringement – 15 U.S.C. § 1114)**

52.      TNG repleads and incorporates by reference Paragraphs 1 through 51.

53.      Defendant used reproductions, counterfeits, or colorable imitations of the ForPro Mark in commerce without TNG's consent.

54.      Defendant's use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendant's products.

55.      Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114.

**THIRD CAUSE OF ACTION**
**(Trademark Counterfeiting – 15 U.S.C. §§ 1114, 1116(d), 1117)**

56.      TNG repleads and incorporates by reference Paragraphs 1 through 55.

57.      Defendant intentionally used counterfeit marks that are identical or substantially indistinguishable from the ForPro Mark in connection with the sale of goods.

58.      Defendant's counterfeiting was willful, entitling TNG to enhanced remedies under the Lanham Act.

**FOURTH CAUSE OF ACTION**
**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

59.      TNG repleads and incorporates by reference Paragraphs 1 through 58.

60.      Defendant's conduct constitutes false designation of origin and unfair competition under the Lanham Act.

## FIFTH CAUSE OF ACTION
### (Trademark Infringement and Unfair Competition
### Under Maryland Common Law)

61.     TNG repleads and incorporates by reference Paragraphs 1 – 60.

62.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with TNG, or as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with TNG such that Defendant's acts constitute infringement of TNG's proprietary rights in its FORPRO Marks, misappropriation of TNG's goodwill in those marks, and unfair competition under Maryland common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TNG Worldwide, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A.     Preliminary and permanent injunctive relief enjoining Defendant from further infringing TNG's copyrights and trademarks;

B.     An accounting of Defendant's sales, profits, and revenues derived from the infringing conduct;

C.     Statutory damages, actual damages, Defendant's profits, and enhanced damages as permitted by law;

D.     An award of Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117;

E.     Pre-judgment and post-judgment interest; and

F.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: February 12, 2026

Respectfully submitted,

*/s/ Joanne L. Zimolzak*
Joanne L. Zimolzak
D. Md. Bar No. 19342
Dykema Gossett PLLC
1301 K Street NW, Suite 1100 West
Washington, DC 20005
Telephone: (202) 906-8600
Fax: (866) 839-5833
JZimolzak@dykema.com

*Counsel for Plaintiff TNG WORLDWIDE, INC.*